IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff, and | § § § | CIVIL ACTION NO. 4:22-cv-1279 |
| | § | JUDGE CHARLES R. ESKRIDGE III |
| STATE OF TEXAS, Plaintiff, | § § § | |
| V. | § § | |
| CITY OF BAYTOWN, TEXAS, Defendant. | § § § | |

Bayou City Waterkeeper's Unopposed Motion to Intervene Under FRCP 24(a)(1)

Bayou City Waterkeeper ("BCWK") files this Motion to Intervene under FRCP 24(a)(1) and 33 U.S.C. § 1365(b)(1)(B). A copy of the intervention complaint is attached to this motion as Exhibit 1. The motion is unopposed by all parties. BCWK asks the Court to grant this motion.

Nature and Stage of the Proceeding and Facts Relevant to Motion

On February 28, 2022, Bayou City Waterkeeper served the defendant City of Baytown ("City") with a 60-day notice of intent to sue under the Clean Water Act. (*See* Exhibit 1-1, BCWK's Notice of Intent to Sue the City of Baytown.) The notice identified more than 800 sanitary sewer overflows and other unpermitted discharges ("SSOs") from the City's wastewater collection and treatment system, each of which BCWK identified as a potential violation of the Clean Water Act and the City's related permits. (*Id.*)

1

BCWK's notice also explained that these SSOs present an environmental justice issue because they disproportionately affect Latinx/Hispanic communities in Baytown.

On April 21, 2022, the United States of America, through the Administrator of the U.S. Environmental Protection Agency ("EPA"), and the State of Texas filed this action against the City of Baytown for more than 800 unpermitted discharges from the City's wastewater treatment and collection systems. (Doc. 1, ¶ 57.) The plaintiffs assert these discharges violate the federal Clean Water Act, Texas Water Code, and permits issued under the State of Texas' Pollutant Discharge Elimination System program implemented under the federal Clean Water Act. (*Id.*, ¶¶ 69-106.)

Bayou City Waterkeeper now seeks to intervene as a matter of right under FRCP 24(a)(1) and the Clean Water Act, 33 U.S.C. § 1365(b)(1)(B).

<u>Issues Requiring Resolution, Relevant Authority, and Argument</u>

This motion presents a single issue, which is not opposed: whether BCWK may intervene in this action. BCWK files this motion under FRCP 24(a)(1), which on a timely motion, compels intervention when a federal statute grants an unconditional right to intervene. The Clean Water Act expressly authorizes organizations like BCWK to "intervene as a matter of right" in actions like this one. *See* 33 U.S.C. § 1365(b)(1)(B). Specifically, the statute states that when "the Administrator [of the EPA] or State has commenced and is diligently prosecuting a civil or criminal action in a court of the United States… to require compliance with the standard, limitation, or order" set by the

Clean Water Act "any citizen may intervene as a matter of right." *Id.* Courts regularly conclude that this provision of the Clean Water Act "confers upon all applicants an unconditional right to intervene under Rule 24(a)(1)." *Ohio v. Callaway*, 497 F.2d 1235, 1242 (6th Cir. 1974) (emphasis added); *see also United States v. Ketchikan Pulp Co.*, 430 F. Supp. 83, 85 (D. Alaska 1977) (Section 1365 "allow[s] any affected citizen to intervene in a government action as a matter of right").

Bayou City Waterkeeper is a "citizen" to which the Clean Water Act grants an "unconditional" right to intervene in this action. *Callaway*, 497 F.2d at 1242; *see* 33 U.S.C. § 1365(b)(1)(B). Section 1365 defines "citizen" as any "person or persons having an interest which is or may be adversely affected." 33 U.S.C. § 1365(g). The Clean Water Act further defines a "person" as "an individual, corporation, partnership, association, State, municipality, commission, or political subdivision of a State, or any interstate body." 33 U.S.C. § 1362(5).

BCWK meets this standard; BCWK is a "citizen" granted the right to intervene under the CWA because it is a "person" with "an interest which is or may be adversely affected." 33 U.S.C. § 1365(g). BCWK is a Houston-based non-profit organization focused on water and its relationship with communities in the Lower Galveston Bay watershed. The Lower Galveston Bay watershed corresponds to the greater Houston region and includes Baytown and the waterways flowing through it. BCWK intervenes to assert its specific interests in (1) protecting the health of bayous, creeks, rivers, and bays

3

in this region, (2) addressing environmental injustices caused by regional water pollution and infrastructure, and (3) promoting equity and climate resilience in water infrastructure decisions affecting our region's water and people. The City of Baytown's alleged repeated failure to comply with the Clean Water Act adversely affects these interests. BCWK's notice of intent to sue, which preceded the plaintiffs' enforcement action, affirms BCWK's interest in this litigation and commitment to finding a resolution to the City's legal violations and the harms they continue to create.

The Clean Water Act allows BCWK to intervene as a matter of right, and the other parties to this action do not oppose intervention. The Court should grant this motion.

## Conclusion

Because Bayou City Waterkeeper may intervene as a matter of right under the Clean Water Act, 33 U.S.C. § 1365(b)(1)(B), the Court should grant this motion under FRCP 24(a)(1) and enter the intervention complaint attached as Exhibit 1 into the docket.

Respectfully submitted on April 28, 2022.

/s/ Kristen Schlemmer
Kristen Schlemmer, Attorney-in-charge
TBN 24075029 / S.D. Tex. 2078411
Bayou City Waterkeeper
2010 N. Loop West, Suite 103
Houston, TX 77018
(512) 619-1583
kristen@bayoucitywaterkeeper.org
*Attorney for Bayou City Waterkeeper*

Certificate of Word Count

Excluding the caption, signature block, and certificates, this response contains 853 words and is within the 5,000 word limit contained in Rule 18(c) of this Court's procedures.

/s/ Kristen Schlemmer
Kristen Schlemmer
Attorney for Bayou City Waterkeeper

Certificate of Conference

I conferred with counsel for the parties in this matter on April 27 and 28, 2022. Counsel for each of the parties confirmed that they do not oppose the relief sought by this motion. Counsel for plaintiffs advised: "Plaintiffs will not oppose Waterkeeper's intervention of right pursuant to 33 U.S.C. § 1365(b)(1)(B) and FRCP 24(a)(1), but reserve our rights to move the Court to place reasonable limits on Waterkeeper's participation in the litigation and settlement discussions, if necessary." Counsel for the defendant advised: "Without waiving any rights or defenses the City of Baytown may have with regard to the substantive claims in the Complaint in Intervention, including but not limited to Bayou City Waterkeeper's ("BCW") status as a citizen under applicable law and objections to any BCW role in the matter, the City of Baytown does not oppose BCW's Motion to Intervene pursuant to Clean Water Act, 33. U.S.C. § 1365(b)(1)(B)."

/s/ Kristen Schlemmer
Kristen Schlemmer
Attorney for Bayou City Waterkeeper

Certificate of Service

I certify that on April 28, 2022, I electronically filed this document and all attachments using the CM/ECF system, which automatically sends notice and a copy of the filing to all counsel of record.

/s/ Kristen Schlemmer
Kristen Schlemmer
Attorney for Bayou City Waterkeeper