IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> Plaintiff, ) <br> ) <br> STATE OF TEXAS ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CITY OF BAYTOWN ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 4:22-cv-01279 |

## DEFENDANT CITY OF BAYTOWN'S MOTION TO DISMISS

Defendant City of Baytown (the "City") files this Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim on which relief can be granted, seeking dismissal of Intervenor Bayou City Waterkeeper's ("BCW") claim for costs, including reasonable attorney's fees and expert witness fees, under 33 U.S.C. § 1365(d).

On April 21, 2022, the United States and State of Texas filed this action under Section 309(b) and (d) of the Clean Water Act ("CWA"), 33 U.S.C. § 1319(b) and (d), and under Texas Water Code ("TWC") §§ 7.032, 7.101, 7.105 and 7.108.[1] Under the CWA, when—like here—the United States or a state has filed and is diligently prosecuting a civil action to require compliance with the CWA, no citizen suit action may be commenced under 33 U.S.C. § 1365 against that

---

[1] Doc. 1 at ¶ 1.

person for the same alleged violations of the CWA.[2] 33 U.S.C. § 1365(b)(1)(B) instead allows a person or persons having an interest which is or may be adversely affected to intervene in the action brought by the governments.[3] But under the CWA's plain language, an intervenor in a lawsuit filed by the United States or a state under 33 U.S.C. § 1319 cannot recover their costs, including their attorney's fees and expert witness fees.

Because the United States and the State of Texas filed and are diligently prosecuting this action under 33 U.S.C. § 1319(b) and (d) — which prohibited BCW from filing an action under 33 U.S.C. § 1365 — BCW cannot recover its costs, attorney's fees and expert witness fees as this action was not brought pursuant to 33 U.S.C. § 1365, which is a prerequisite for recovering costs under 33 U.S.C. § 1365(d).[4] This Court, therefore, should dismiss BCW's claim for costs, including reasonable attorney's fees and expert witness fees.[5]

## I. Statement of Nature and Stage of the Proceeding

This is an action brought by the United States and State of Texas under 33 U.S.C. § 1319(b) and (d), and under TWC §§ 7.032, 7.101, 7.105 and 7.108.[6] BCW intervened into the action by the United States and State of Texas on April 28, 2022, and the City signed a waiver of service, making its response to the BCW's complaint in intervention due on June 27, 2022.[7]

---

[2] 33 U.S.C. § 1365(b)(1)(B).

[3] *Id.*; *see also* 33 U.S.C. § 1365(g) (defining "citizen" for purposes of section 1365).

[4] *United States v. City of Baytown*, No. 4:18-CV-3368 (S.D. Tex.) ("United States' Lawsuit") at Doc. 1.

[5] *Id.*

[6] Doc. 1 at ¶ 1.

[7] Doc. 4; FED. R. CIV. P. 4(d)(3).

## II. Statement of Issues

This Court should dismiss BCW's claim for costs, including attorney's fees and expert witness fees, under Rule 12(b)(6) because, as an intervenor in this case brought by the United States and State of Texas under 33 U.S.C. § 1319, it is not entitled to recover them under the CWA.

## III. Standard of Review

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted."[8]  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[9]  A motion made under Rule 12(b)(6) challenges the legal theory of the complaint, not the sufficiency of any evidence that might be adduced. The purpose of the rule is to allow the court to eliminate actions that are fatally flawed in their legal premises and destined to fail, and thus to spare litigants the burdens of unnecessary pretrial and trial activity.[10]

In considering a Rule 12(b)(6) motion to dismiss, all well-pleaded facts are to be taken as true and viewed in the light most favorable to the plaintiff.[11]  This Court's rulings on the motion to dismiss under Rule 12(b)(6) are reviewed de novo.[12]

## IV. Clean Water Act Citizen Suits

The Clean Water Act allows citizens to bring citizen suits for alleged violations of the

---

[8] FED. R. CIV. P. 12(b)(6).

[9] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[10] *Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc.*, 988 F.2d 1157, 1160 (Fed. Cir. 1993) (citing *Neitzke v. Williams,* 490 U.S. 319, 326–27 (1989)).

[11] *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

[12] *Scanlan v. Texas A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003).

statute.[13] But the Clean Water Act contains strict limitations on citizen suits.

Before a person can bring a citizen suit, they must give notice of the alleged violation to the United States, the state where the alleged violation occurred, and the alleged violator.[14] The person cannot bring a citizen suit until at least 60 days after giving the required notice.[15] In addition, the person cannot file suit if—by the end of the 60-day notice period—the United States or the state has filed and is diligently prosecuting a lawsuit regarding the violations alleged in its notice letter.[16] That is what happened in this case—before the 60-day notice period ran, the United States and the State of Texas sued the City for the same violations that are at issue in BCW's notice letter and Intervention. BCW admits that the United States and State of Texas filed suit during the 60-day notice period and that it subsequently sought intervention in that already-filed suit.[17]

The basis for BCW's claim for costs, including attorney's fees and expert witness fees under 33 U.S.C. § 1365(d),[18] does not state a claim for which relief can be granted because 33 U.S.C. § 1365(d) only allows costs to a prevailing party in an action brought pursuant to Section 1365.[19] This action was brought pursuant to 33 U.S.C. § 1319(b) and (d), not § 1365 and accordingly, BCW cannot recover its litigation costs in this action. The fact that BCW intervened into this action does not transform the case into one brought pursuant to Section 1365—the United

---

[13] 33 U.S.C. § 1365.

[14] 33 U.S.C. § 1365(b)(1)(A).

[15] *Id.*

[16] 33 U.S.C. § 1365(b)(1)(B).

[17] Doc. 8 at ¶¶ 3, 5.

[18] Doc. 8 at ¶ 66.g.

[19] 33 U.S.C. § 1365(d); *see also United States v. Maine Dept. of Transp.*, 980 F. Supp. 546, 548-549 (D. Maine, 1997); *United States v. Lexington-Fayette Urban County Gov.,* No. 06-386-KSF, 2011 WL 1097755, at *4 (E.D. Ky. March 22, 2011).

States filed the case pursuant to Section 1319 not Section 1365. Nothing about BCW's intervention into the government's case transforms the matter into a case brought pursuant to Section 1365.

### V. Background

The claims by the United States and State of Texas involve the City's sewer system, specifically, alleged sanitary sewer overflows, which are known as "SSOs" and alleged violations of the effluent limits in the City's Texas Pollution Discharge Elimination System ("TPDES") Permits in violation of the CWA and the TWC.[20] BCW also alleges that the City's sewer system has had unauthorized discharges in violation of the Clean Water Act and the City's TPDES Permits.[21]

**A.  BCW sent its 60-day notice letter stating that it intended to file suit under the Clean Water Act's citizen-suit provision if the United States or the State of Texas did not file suit.**

On February 28, 2022, BCW sent a letter to the City's mayor giving notice of alleged violations of the CWA and its intent to file suit after 60 days.[22] Because BCW sent its notice letter on February 28, 2022, the first day that it could file its citizen suit was 60 days later, which was April 28, 2022.[23]

**B.  The United States and the State of Texas filed suit against the City regarding the same alleged violations within the 60-day notice period.**

On April 21, 2022, the United States and the State of Texas filed this action against the

---

[20] Doc. 1 at 14-18.

[21] Doc. 8 at 12-15.

[22] Doc. 8 at ¶ 2.

[23] 33 USC § 1365(b)(1)(A).

City under the CWA and TWC for alleged violations related to the City's sewer system (the "United States' Action").[24] The United States' Action covers the alleged violations in BCW's notice letter.[25]

**C.     BCW has intervened in the United States' Action.**

BCW filed a motion to intervene in the United States' 33 U.S.C. § 1319 Action.[26] Under 33 U.S.C. § 1365(b)(1)(B), "any citizen may intervene as a matter of right" in the United States' Action against the City. Based on BCW's statutory right to intervene, the City did not oppose BCW's motion to intervene in the United States' Action, but reserved its right to contest BCW's status as a "citizen" under 33 U.S.C. § 1365(g). The City also reserved its right to object to BCW's participation in the litigation.[27] The United States and the State of Texas did not oppose BCW's Intervention but reserved their rights to move the Court to place reasonable limits on BCW's participation in the litigation and settlement discussions.[28]

## VI. Argument

Under the CWA's plain language, an intervenor in a lawsuit filed by the United States or a state under 33 U.S.C. 1319 is not entitled to its costs, including its attorney's fees and expert witness fees. This Court, therefore, should dismiss BCW's claim for costs, including attorney's fees and expert witness fees, because as an intervenor in this case brought by the United States and

---

[24] Doc. 1.

[25] *Cf.* Doc. 1 *with* Doc. 8.

[26] Doc. 12 (BCW's notice letter also discusses matters which go beyond the scope of claims that could be brought in a citizen suit action under the CWA, *i.e.*, alleged violations outside the 5-year statute of limitations, but the permissible claims under the CWA are all included in the United States' Action.).

[27] Doc. 3 at 5.

[28] *Id.*

the State of Texas, as a matter of law it cannot recover its costs, including attorney's fees and expert witness fees.

A. **This Court should dismiss BCW's claims for costs because 33 U.S.C. § 1365(d) only authorizes recovery of costs for a prevailing party in an action brought pursuant to 33 U.S.C. § 1365.**

Under the "American" rule, a prevailing party in litigation is not entitled to recover attorney's fees in the absence of a statute which authorizes such an award.[29] BCW seeks to recover its litigation costs, including attorney's fees, pursuant to 33 U.S.C. § 1365(d) which states:

> The court, in issuing any final order in any action brought pursuant to this section, may award costs of litigation (including reasonable attorney and expert witness fees) to any prevailing or substantially prevailing party, whenever the court determines such award is appropriate.[30]

Subsection 1365(d) is unambiguous. The plain language authorizes an award of costs to a prevailing or substantially prevailing party only in an action "brought pursuant to this section [1365]."[31] BCW has not brought an action under 33 U.S.C. § 1365, and cannot bring an action under § 1365, because it is prohibited by § 1365(b)(1)(B) from bringing an action under § 1365 against the City for the alleged violations that are the subject of the United States' Action.[32] Instead, if it qualifies as a citizen under § 1365, BCW is allowed to intervene in the United States' Action, which was brought pursuant to 33 U.S.C. § 1319 and provisions of state law.[33]

---

[29] *Maine Dept. of Transp.*, 980 F.Supp. at 548 (citing *Alyeska Pipeline Service Co. v. Wilderness Soc'y,* 421 U.S. 240, 247 (1975); *Natural Resources Defense Council, Inc. v. Environmental Protection Agency,* 484 F.2d 1331, 1332 (1st Cir.1973)).

[30] 33 U.S.C. § 1365(d).

[31] *Id.*

[32] 33 U.S.C. § 1365(b)(1)(B)("No action may be commenced … if the Administrator or State has commenced and is diligently prosecuting a civil or criminal action in a court of the United States, or a State to require compliance with the standard, limitation, or order….").

[33] The City reserves its right to challenge whether BCW is a citizen as defined by § 1365(g) at a later time.

The majority of the district courts addressing the question of whether an intervenor is entitled to seek attorney's fees when it intervenes in a CWA case brought by the United States and/or a state under § 1319, without having filed a separate action under § 1365, have held that the intervenor is not entitled to attorney's fees. In *United States v. Maine Dept. of Transportation*, the Sierra Club sent 60-day notice of intent to sue letters to the Maine Department of Transportation alleging violations of the CWA.[34] The United States filed an enforcement action against the defendants pursuant to 33 U.S.C. § 1319, and the Sierra Club intervened into the action.[35] After the district court's approval of the consent decree, the intervenors sought their litigation costs, including attorney's fees, arguing that they were prevailing parties under § 1365(d). The court rejected the Sierra Club's claim that it was entitled to costs, including attorney's fees. The court held that sending the 60-day notice letter does not count as bringing an action under §1365 and as such cannot constitute bringing an action.[36] The Court held that under the plain language of § 1365, the intervention into a United States enforcement action under § 1319 is not an "action" under § 1365(d). The court held that "Congress recognized that a private enforcement action brought pursuant to section 1365 is distinct from an action brought by the Administrator pursuant to section 1319."[37]

The claim that, for purposes of recovering attorney's fees, an intervention into the United States' Action is equivalent to bringing an action under § 1365 belies the meaning of the word

---

[34] *United States v. Maine Dept. of Transp.*, 980 F.Supp. 546, 547-48 (D. Me. 1997).

[35] *Id.* at 548.

[36] 33 U.S.C. § 1365(b)(1)(A) ("No action may be commenced … prior to sixty days after the plaintiff has given notice…"); *see also Maine Dept. of Transp.*, 980 F.Supp. at 549-50.

[37] *Maine Dept. of Transp.*, 980 F.Supp. at 551.

"action" as used in § 1365. An "action" is defined as: "A judicial proceeding that involves either civil or criminal claims. An action is brought by one or more plaintiffs against one or more defendants."[38] Section 1365(a) authorizes a citizen to commence an "action" to enforce CWA standards or limitations and apply civil penalties. Section 1365(b) prohibits the citizen from bringing an "action" when the government has commenced and is diligently prosecuting an "action" in court but allows the citizen to intervene into the "action" brought by the government. Section 1365(d) allows the court, at its discretion, to award costs of litigation to the prevailing party in an "action brought pursuant to this section [1365]." Intervening into an existing action brought under § 1319 does not make that into an "action brought under [§ 1365]" and therefore does not provide a basis for recovery of attorney's fees under § 1365(d).

Similarly, in *Lexington-Fayette Urban County Gov.*, the United States and State of Kentucky sued for violations of the CWA under 33 U.S.C. § 1319 and several citizens intervened under § 1365(b)(1)(B). In considering the intervenors' request for attorney's fees under § 1365(d), the court noted that the first question was whether § 1365(d) authorized fees to citizen intervenors in federal enforcement actions.[39] In rejecting the claim for attorney's fees under § 1365(d), the court held that because the intervenors had not filed a separate action under § 1365, they were not entitled to recover under section § 1365(d).[40]

---

[38] Legal Information Institute, Cornell Law School, Wex Legal Dictionary, https://www.law.cornell.edu/wex/action.

[39] *Lexington-Fayette,* 2011 WL 1097755, at *4.

[40] *Id.* at *5.

**B.     The policy underlying CWA citizen suits supports recovery of costs for a prevailing party only in an action brought pursuant to 33 U.S.C. § 1365, not an intervenor to an action brought under 33. U.S.C. § 1319.**

The policy considerations underlying the citizen suit provision of the Clean Water Act further support the statute's language limiting the ability to recover attorney's fees to cases brought pursuant to § 1365. Section 1365(b)(1)(A) requires a citizen to provide 60-day notice to the alleged violator as well as to the EPA Administrator and the State.[41] The United States Supreme Court noted two purposes for the citizen suit notice provision:

> First, notice allows Government agencies to take responsibility for enforcing environmental regulations, thus obviating the need for citizen suits.
>
> Second, notice gives the alleged violator an opportunity to bring itself into complete compliance with the Act and thus likewise render unnecessary a citizen suit.[42]

The requirement that a citizen file a notice of intent to sue letter sixty days before bringing a private enforcement action shows that Congress intended citizen suits under 33 U.S.C. § 1365 to "supplement rather than to supplant governmental action."[43] The notice requirement also highlights the primary role of the governmental entities in enforcing the CWA, as compared to the supplemental role of the citizen.[44] The Supreme Court has noted that "citizen suits are proper only 'if the Federal, State, and local agencies fail to exercise their enforcement responsibility.'"[45] The

---

[41] *Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found., Inc.*, 484 U.S. 49, 59, 108 S. Ct. 376, 382, 98 L. Ed. 2d 306 (1987).

[42] *Hallstrom v. Tillamook Cnty.*, 493 U.S. 20, 29 (1989) (internal quotation and citations omitted).

[43] *Gwaltney,* 484 U.S. at 60.

[44] *Hamker v. Diamond Shamrock Chem. Co.,* 756 F.2d 392, 396 (5th Cir.1985).

[45] *Gwaltney,* 484 U.S. at 60 (quoting S. Rep. No. 92–414, at 64 (1971), *reprinted in* 2 A Legislative History of the Water Pollution Control Act Amendments of 1972, at 1482 (1973)).

10

Supreme Court has emphasized that citizen suits under the Clean Water Act have a merely "interstitial" role and that federal courts should not allow citizen suits to be even "potentially intrusive."[46] Where the government has filed suit, there is no need for citizen enforcement and there is no basis for an award of attorney's fees.[47]

The attorney's fee provision in § 1365 is provided as an incentive for citizens to bring suit to enforce the CWA.[48] But, the primary responsibility for enforcing the CWA rests with the federal and state governments.[49] When the primary actors are diligently prosecuting violations under the CWA, there is no need for private enforcement and therefore no need to provide incentives for private citizen action.[50] Allowing attorney's fees to intervenors in actions brought by the government could encourage "potentially intrusive" citizen suits, which is contrary to the intent of Congress.[51]

### VII. Conclusion

Both the unambiguous language of § 1365 and the place of the citizen suit within the congressionally determined enforcement regime of the CWA show that litigation costs, including attorney and expert witness fees, are recoverable under § 1365(d) only in an action brought under 33 U.S.C. § 1365. This action was brought by the government under 33 U.S.C. § 1319, and BCW's intervention into that action does not create an action under § 1365. This Court, therefore, should

---

[46] *Gwaltney,* 484 U.S. at 61.

[47] *Maine Dept. of Transp.*, 980 F. Supp. at 549.

[48] *Lexington-Fayette*, 2011 WL 1097755, at *4; *Sierra Club v. Hamilton County Bd. of Commr's*, 504 F.3d 634, 642 (6th Cir. 2007).

[49] *Gwaltney,* 484 U.S. at 60.

[50] *Lexington-Fayette*, 2011 WL 1097755, at *4; *Hamilton County*, 504 F.3d at 642.

[51] *See Gwaltney,* 484 U.S. at 61.

dismiss BCW's claims for costs of litigation, including attorney's fees and expert witness costs, for failure to state a claim for which relief can be granted.

                Respectfully submitted,

                BAKER • WOTRING LLP

                <u>/s/ *Debra Tsuchiyama Baker*</u>
                Debra Tsuchiyama Baker
                *Attorney-in-Charge*
                Texas Bar No. 15089600
                Southern District No. 6943
                Earnest W. Wotring
                Texas Bar No. 22012400
                Southern District No. 15284
                John Muir
                Texas Bar No. 14630477
                Southern District No. 9404
                David George
                Texas Bar No. 00793212
                Southern District No. 19330
                Baker • Wotring LLP
                700 JPMorgan Chase Tower
                600 Travis
                Baytown, Texas 77002
                Tel. (713) 980-1700
                Fax  (713) 980-1701
                dbaker@bakerwotring.com
                ewotring@bakerwotring.com
                jmuir@bakerwotring.com
                dgeorge@bakerwotring.com

                **ATTORNEYS FOR DEFENDANT**
                **CITY OF BAYTOWN**

**CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that a true and correct copy of the foregoing instrument was served on the following through e-filing on June 27, 2022.

TODD KIM
Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice

KENNETH G. LONG
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, DC, 20044
kenneth.long@usdoj.gov

JENNIFER LOWERY
United States Attorney
Southern District of Texas

JIMMY A. RODRIGUEZ
Senior Litigation Counsel
Assistant United States Attorney
Southern District of Texas
1000 Louisiana, Suite 2300
Houston, Texas
jimmy.rodriguez2@usdoj.gov

EFREN ORDÓÑEZ
Senior Assistant Regional Counsel
U.S. Environmental Protection Agency
Region VI
1445 Ross Ave., Suite 1200
Dallas, TX 75202

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

GRANT DORFMAN
Deputy First Assistant Attorney General

SHAWN COLES
Deputy Attorney General for Civil Litigation

PRISCILLA M. HUBENAK
Chief, Environmental Protection Division

PHILLIP LEDBETTER
Assistant Attorney General
Office of the Attorney General of Texas
Environmental Protection Division
P.O. Box 12548, Capital Station
Austin, TX 78711-2548
Phillip.Ledbetter@oag.texas.gov

KRISTEN SCHLEMMER
Bayou City Waterkeeper
2010 N. Loop West, Suite 103
Houston, Texas 77018
kristen@bayoucitywaterkeeper.org

    /s/ *Debra Tsuchiyama Baker*
    Debra Tsuchiyama Baker

**CERTIFICATE OF CONFERENCE**

    The undersigned hereby certifies that on June 27, 2022, I conferred with Kristen Schlemmer, counsel for Intervenor BCW, regarding this motion. She informed me that she opposed the Court granting this motion, so no agreement could be reached regarding disposition of this motion.

                                                /s/ *David George*
                                                David George