# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> Plaintiff, ) <br> ) <br> STATE OF TEXAS ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CITY OF BAYTOWN ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 4:22-cv-01279 |

### DEFENDANT CITY OF BAYTOWN'S RESPONSE TO
### BAYOU CITY WATERKEEPER'S COMPLAINT IN INTERVENTION

Subject to its previously filed motion to dismiss, Defendant City of Baytown ("City" "Baytown" or "Defendant") responds to the numbered paragraphs of the Complaint in Intervention filed by Bayou City Waterkeeper ("Intervenor" or "BCW") as follows:

## I.
## Introduction

1. This paragraph sets forth the legal basis on which Intervenor has intervened into the action brought by the United States and the State of Texas and lists the parties. To the extent that a response is required, Defendant admits that the parties to the case are listed correctly.

2. Defendant admits that BCW served the City of Baytown with the letter that is attached to its Complaint in Intervention no earlier than February 28, 2022. Defendant admits that the letter makes allegations regarding SSOs being potential violations of the Clean Water Act ("CWA") and

City of Baytown's TPDES permits for its WWTPs ("Baytown TPDES Permits"). Defendant admits that the notice letter alleges that SSOs disproportionately affect Hispanic/Latinx communities in Baytown and allegedly raises an environmental justice issue, but Defendant denies the truth of those assertions.

3. Defendant admits that on April 21, 2022, the United States and the State of Texas filed the action into which BCW Intervened alleging violations of the CWA and the Texas Water Code.

4. Paragraph 4 contains statements regarding Intervenor and its motivation which Defendant can neither admit nor deny.

5. Defendant admits that FRCP 24(a)(1) allows intervention where a federal statute grants an unconditional right to intervene and that while 33 U.S.C. § 1365(b)(1)(B) prohibits the commencement of an action under 33 U.S.C. § 1365 when an action such as this one has been commenced by the EPA Administrator or a State, it permits any citizen (as that term is defined in § 1365(g)) to intervene in such action. Defendant cannot admit or deny whether BCW's intervention is proper in this cause because it has insufficient information to determine if BCW is a citizen as defined in § 1365(g) and whether BCW has standing.

6. Paragraph 6 contains statements regarding what Intervenor is seeking in this case which do not require response. As discussed more fully in its previously filed motion to dismiss, Defendant denies that the CWA allows Intervenor to recover attorney's fees or other costs in this action.

## II.
## Jurisdiction, Venue, Authority, and Notice to the State

7. Defendant admits that this court has subject matter jurisdiction over the claims brought by the United State in the Complaint under the CWA. Defendant denies that Intervenor is entitled to injunctive relief, civil penalties, or attorney's fees and other costs.

8. Defendant admits that venue is proper in the Southern District of Texas.

9. Defendant admits that FRCP 24(a)(1) allows intervention where a federal statute grants an unconditional right to intervene and that while 33 U.S.C. § 1365(b)(1)(B) prohibits the commencement of an action under 33 U.S.C. § 1365 when an action such as this one has been commenced by the EPA Administrator or a State, it permits any citizen (as that term is defined in § 1365(g)) to intervene in such action. Defendant cannot admit or deny whether BCW's intervention is proper in this cause because it has insufficient information to determine if BCW is a citizen as defined in § 1365(g) and whether BCW has standing.

## III.
## Parties

10. Defendant admits that the Plaintiffs' Complaint correctly identifies the parties to this action.

11. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 11 of BCW's Complaint in Intervention.

12. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 12 of BCW's Complaint in Intervention.

13. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 13 of BCW's Complaint in Intervention.

14. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 14 of BCW's Complaint in Intervention.

15. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 15 of BCW's Complaint in Intervention.

16. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 16 of BCW's Complaint in Intervention.

17. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 17 of BCW's Complaint in Intervention.

18. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 18 of BCW's Complaint in Intervention.

19. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding whether BCW and its members have suffered any harm caused by the City's SSOs. Defendant denies that the relief sought by BCW, namely that BCW recover its attorney's fees and other costs of litigation, will address any alleged harms to BCW and its members. Further, Defendant denies that an order from this Court is required for the Defendant to take immediate and substantial action to address the alleged SSOs. Pursuant to its work in the TCEQ's SSO Initiative (the "SSOI"), Defendant has lessened the number and severity of SSOs from the Baytown POTW. Prior to the filing of the Plaintiffs' Complaint, Defendant had engaged a nationally recognized consulting firm to prepare a comprehensive review of the Baytown POTW and a long-term plan to further address the causes of SSOs. Defendant believes that, working in coordination with the EPA and TCEQ, Defendant and its consultants can formulate a plan to address the causes of SSOs in the Baytown POTW without necessity of a court order.

20. Defendant denies the allegations in paragraph 20 of BCW's Complaint in Intervention.

21. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 21 of BCW's Complaint in Intervention.

## IV.
## Legal Background

22. Defendant admits that the quote in paragraph 21 from 33 U.S.C. § 1251(a) statute is correct and that 33 U.S.C. § 1311(a) prohibits the discharge of any pollutant by any person to waters of the United States except as authorized by the CWA.

23. Defendant admits the statements regarding the CWA and TCEQ's authority to issue permits under the TPDES program in paragraph 23 of BCW's Complaint in Intervention.

24. The statements in paragraph 24 of BCW's Complaint in Intervention are too vague; therefore, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations, except that Defendant denies that BCW has grounds to bring an enforcement action against Defendant under 33 U.S.C. § 1365.

25. The first sentence in paragraph 25 is too vague; therefore, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations. Defendant admits that the definition of "discharge of pollutants" as stated in paragraph 25 of BCW's Complaint in Intervention is included in 33 U.S.C. § 1362(12). Defendant admits that the definition of "pollutant" as stated in paragraph 25 of BCW's Complaint in Intervention is included in 33 U.S.C. § 1362(6). Defendant admits that the definition of "point source" as stated in paragraph 25 of BCW's Complaint in Intervention is included in 33 U.S.C. § 1362(14). Defendant admits that the definition of "navigable waters" as stated in paragraph 25 of BCW's Complaint in Intervention is included in 33 U.S.C. § 1362(7).

26. Defendant admits that the CWA prohibits unpermitted discharges of sewage from point-sources into navigable waters. Defendant admits that holders of TPDES permits are subject to state and federal enforcement for violations of their TPDES permits.

27. Defendant admits that 33 U.S.C. § 1365 allows citizens (as defined in § 1365(g)) to commence an action for certain violations of the CWA, when the proper conditions are met, and that 33 U.S.C. § 1365(b)(1)(B) prohibits the commencement of an action by citizens under 33 U.S.C. § 1365 when an action such as this one has been commenced by the EPA Administrator or a State, but it permits any citizen (as that term is defined in § 1365(g)) to intervene in such action.

28. The reference to "[t]his section" in paragraph 28 of BCW's Complaint in Intervention is too vague; therefore, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations. To the extent that BCW is claiming that 33 U.S.C. § 1365 allows BCW to seek injunctive relief in this action, Defendant denies such allegation.

29. Defendant states that the allegations contained in paragraph 29 are too vague; therefore, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

30. Defendant admits that in a judgement in an action brought pursuant to 33 U.S.C. § 1365, 33 U.S.C. § 1365(d) allows prevailing or substantially prevailing parties to recover litigation costs in some circumstances, but Defendant denies that 33 U.S.C. § 1365(d) allows an intervenor to recover litigation costs in an action, such as this one, brought under 33 U.S.C. § 1319.

## V.
### Allegations

31. Defendant admits that it owns and operates the Baytown POTW as defined by the relevant statutes, rules, and regulations.

32. Defendant admits that the Baytown POTW includes four WWTPs and associated wastewater collection systems.

33. Defendant admits that Baytown's four WWTPs and associated wastewater collection systems comprise the Baytown POTW.

34. Defendant admits the allegations in paragraph 34.

35. Defendant admits that as of 2021, the Defendant's records indicated that the collection systems for the Baytown POTW includes over 460 miles of sewer pipe, over 80 lift stations, and over 5,000 manholes.

36. Defendant admits that paragraph 36 of BCW's Complaint in Intervention correctly identifies the Baytown TPDES Permits for the Baytown WWTPs.

37. Defendant admits the allegations in paragraph 37 of BCW's Complaint in Intervention regarding the Baytown TPDES Permits.

38. Defendant admits that the Baytown TPDES Permits require the City to properly operate and maintain its facilities and that section 2(g) of each permit contains the quoted phrase. All other inferences or allegations contained in this paragraph are denied.

39. Defendant admits that the Baytown TPDES Permits require that unauthorized discharges (as defined in Permit Condition 2(g)) must be reported to the TCEQ.

40. Defendant admits that, since April 2017, there have been releases known as sanitary sewer overflows ("SSOs") from the Baytown WCTS, and that over 800 SSOs were reported by Baytown to TCEQ in compliance with the terms of the Baytown TPDES Permits, subject to Act of God or other applicable defenses.

41. The statements regarding SSOs in paragraph 41 of BCW's Complaint in Intervention includes the period from January 2015 to April 21, 2017, which are outside the period of limitations in this matter and are therefore irrelevant to the claims at issue, and as such, Defendant is not required to respond to these allegations. To the extent that BCW is alleging that the exhibits to BCW's Complaint in Intervention demonstrate the accuracy of BCW's claims, those allegations are denied. Defendant denies that SSO's are "ongoing and continuous" or that they show "improper operation and maintenance of the sewer system." Defendant also denies that all of "these SSOs" are unauthorized point source discharges to waters of the United States in violation of Baytown's TPDES permits.

42. Defendant denies the allegations in paragraph 42 of BCW's Complaint in Intervention.

43. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 43 of BCW's Complaint in Intervention. Furthermore, the allegations in paragraph 43 of BCW's Complaint in Intervention are immaterial to the causes of action under the CWA and, as such, the Court should strike this paragraph pursuant to Federal Rule of Civil Procedure 12(f).

44. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 44 of BCW's Complaint in Intervention. Furthermore, the allegations in paragraph 44 of BCW's Complaint in Intervention are immaterial to the causes of action under the CWA and, as such, the Court should strike this paragraph pursuant to Federal Rule of Civil Procedure 12(f).

45. Defendant denies the allegations in paragraph 45 of BCW's Complaint in Intervention.

46. Defendant denies the allegations in paragraph 46 of BCW's Complaint in Intervention.

# VI.
# First Claim for Relief in Intervention

47. Defendant incorporates its responses to paragraphs 1 - 46 of BCW's Complaint in Intervention.

48. Defendant lacks knowledge or information sufficient to form a belief about the truth of the statement that all eleven water bodies mentioned "are all waters of the United States or waterways that have a significant nexus to waters of the United States and thus are navigable waters as defined by the CWA and relevant law. *See* 33 U.S.C. § 1362(7); 40 C.F.R. § 122.2."

49. Defendant admits that 33 U.S.C. § 1311(a) prohibits the discharge of pollutants from a point source to waters of the United States except as authorized by the CWA. The other allegations in paragraph 49 are too vague; therefore, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

50. Defendant admits that the Baytown TPDES Permits only authorize the discharge of wastewater pursuant to their terms, conditions and limitations, including specifying outfalls.

51. Defendant admits that the Baytown TPDES Permits only authorize the discharge of wastewater pursuant to their terms, conditions and limitations and therefore prohibit discharges which are unauthorized.

52. Defendant admits that its wastewater collection and treatment system contains pipes and other manmade conveyances which meet the definition of point source under 33 U.S.C. § 1362(14). Defendant admits that in the last five years over 800 SSOs were reported by Baytown to TCEQ in compliance with the terms of the Baytown TPDES Permits, subject to Act of God or other applicable defenses   All other inferences or allegations are denied.

53. Defendant admits that to the extent there were unauthorized discharges which violated the CWA from the Baytown POTW, Defendant is the responsible party, but denies that it is responsible for all violations alleged in the Plaintiffs' Complaint and BCW's Complaint in Intervention.

54. Defendant denies the allegations in paragraph 54 of BCW's Complaint in Intervention.

55. Defendant denies the allegations contained in paragraph 55 of BCW's Complaint in Intervention.

56. Defendant denies that there were violations occurring at the time of the filing of the intervention. The statement in paragraph 56 of BCW's Complaint in Intervention that "violations … will continue to occur on each occasion the City discharges or releases untreated wastewater in violation of the CWA's requirements" is a tautological argument and not an allegation to which an admission or denial is required.

57. Defendant denies the allegations in paragraph 57 of BCW's Complaint in Intervention.

## VII.
## Second Claim for Relief in Intervention

58. Defendant incorporates its responses to paragraphs 1 - 57 of BCW's Complaint in Intervention.

59. Defendant admits that the Baytown TPDES Permits require that the WWTPs and facilities to be properly maintained and that section 2(g) in each permit contains the quoted phrase. All other inferences or allegations contained in this paragraph are denied.

60. Defendant denies that it has "continuously failed to operate and maintain its wastewater collection and treatment systems to prevent SSOs." Defendant denies that "has failed to comply with its TPDES permits and conditions." Defendant admits that in compliance with the Baytown

TPDES Permits, it has reported to the TCEQ occasions where there have been unauthorized discharges, subject to Act of God or other applicable defenses. Defendant admits that for purposes of § 1365, the definition of "an effluent standard or limitation" contained in 33 U.S.C. § 1365(f) includes "a permit or condition thereof issued under [section 402 of the CWA ]."

61. Defendant admits that to the extent there were violations of the CWA from the Baytown POTW, Defendant is the responsible party, but denies that it is responsible for all violations alleged by and identified in BCW's Complaint in Intervention.

62. Defendant denies the allegations in paragraph 62 of BCW's Complaint in Intervention.

63. The allegations in paragraph 63 of BCW's Complaint in Intervention are too vague; therefore, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

64. Defendant denies the allegations in paragraph 64 of BCW's Complaint in Intervention. Pursuant to its work in the TCEQ's SSO Initiative (the "SSOI"), Defendant has lessened the number and severity of SSOs from the Baytown POTW. Prior to the filing of the Plaintiffs' Complaint, Defendant had engaged a nationally recognized consulting firm to prepare a comprehensive review of the Baytown POTW and a long-term plan to further address the causes of SSOs. Defendant believes that, working in coordination with the EPA and TCEQ, Defendant and its consultants can formulate a plan to address the causes of SSOs in the Baytown POTW without necessity of a court order. Furthermore, the relief requested by BCW, including the assessing civil penalties and awarding BCW its attorney fees and expert witness fees, will hinder the Defendant from being able to enact improvements to the Baytown POTW to lessen and prevent the occurrence of SSOs.

65. Defendant denies the allegations in paragraph 65 of BCW's Complaint in Intervention.

## VIII.
## Prayer for Relief

66. Defendant denies that Intervenor is entitled to any of the relief sought in paragraph 66 of BCW's Complaint in Intervention.

## VII.
## Defenses

1. Many of the SSOs that are the subject of the Intervenor's claims were solely the result of Acts of God the results of which could not be prevented or avoided by the exercise of due care or foresight.

2. Some of the SSOs which are the subject of the Plaintiffs' claims did not reach waters of the U.S. or waters in the state.

3. BCW lacks standing to Intervene in this action by the United States and the State of Texas.

4. BCW is not a "citizen" as the term is defined in 33 U.S.C. § 1365(g).

5. BCW is not entitled to recover attorney's fees, expert witness fees or other litigation costs under 33 U.S.C. 1365(d) because this action was not brought pursuant to 33 U.S.C § 1365, but was instead brought pursuant to 33 U.S.C. § 1319 and Texas state law.

6. BCW is not entitled to seek injunctive relief or civil penalties under 33 U.S.C. § 1365 because the EPA Administrator and/or the State has commenced and is diligently prosecuting a civil action to require compliance with the CWA and the Baytown TPDES Permits.

Respectfully submitted,

BAKER • WOTRING LLP

/s/ *Debra Tsuchiyama Baker*
Debra Tsuchiyama Baker
Attorney-in-Charge
Federal ID No.
Texas Bar No. 15089600
Earnest Wotring
Federal ID No. 15284
Texas Bar No. 22012400
David George
Federal ID No.
Texas Bar No. 00793212
John Muir
Federal ID No.
Texas Bar No. 14630477
700 JPMorgan Chase Tower
600 Travis Street, Suite 700
Houston, Texas 77002
Tel: (713) 980-1700
Fax: (713) 980-1701
dbaker@bakerwotring.com
ewotring@bakerwotring.com
dgeorge@bakerwotring.com
jmuir@bakerwotring.com

**ATTORNEYS FOR DEFENDANT
CITY OF BAYTOWN**

**CERTIFICATE OF SERVICE**

       The undersigned hereby certifies that a true and correct copy of the foregoing instrument was served on the following through e-filing on June 27, 2022.

| | |
|---|---|
| TODD KIM<br>Assistant Attorney General<br>Environment and Natural Resources Division<br>U.S. Department of Justice<br><br>KENNETH G. LONG<br>Environmental Enforcement Section<br>Environment and Natural Resources Division<br>United States Department of Justice<br>P.O. Box 7611<br>Washington, DC, 20044<br>kenneth.long@usdoj.gov<br><br>JENNIFER LOWERY<br>United States Attorney<br>Southern District of Texas<br><br>JIMMY A. RODRIGUEZ<br>Senior Litigation Counsel<br>Assistant United States Attorney<br>Southern District of Texas<br>1000 Louisiana, Suite 2300<br>Houston, Texas<br>jimmy.rodriguez2@usdoj.gov<br><br>EFREN ORDÓÑEZ<br>Senior Assistant Regional Counsel<br>U.S. Environmental Protection Agency<br>Region VI<br>1445 Ross Ave., Suite 1200<br>Dallas, TX 75202 | KEN PAXTON<br>Attorney General of Texas<br><br>BRENT WEBSTER<br>First Assistant Attorney General<br><br>GRANT DORFMAN<br>Deputy First Assistant Attorney General<br><br>SHAWN COLES<br>Deputy Attorney General for Civil Litigation<br><br>PRISCILLA M. HUBENAK<br>Chief, Environmental Protection Division<br><br>PHILLIP LEDBETTER<br>Assistant Attorney General<br>Office of the Attorney General of Texas<br>Environmental Protection Division<br>P.O. Box 12548, Capital Station<br>Austin, TX 78711-2548<br>Phillip.Ledbetter@oag.texas.gov<br><br>KRISTEN SCHLEMMER<br>Bayou City Waterkeeper<br>2010 N. Loop West, Suite 103<br>Houston, Texas 77018<br>kristen@bayoucitywaterkeeper.org |

                                                    /s/ *Debra Tsuchiyama Baker*
                                                  Debra Tsuchiyama Baker