UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, and STATE OF TEXAS, | § § § § | |
| Plaintiffs, | § § § | Civil Action No. 4:22-cv-01279 |
| BAYOU CITY WATERKEEPER | § § | |
| Plaintiff - Intervenor | § § § | Judge Charles Eskridge |
| v. | § § § | |
| CITY OF BAYTOWN, TEXAS, | § § § | |
| Defendant. | § § | |

**JOINT REPORT ON THE PROGRESS**
**OF SETTLEMENT NEGOTIATIONS**

This action commenced with the filing of a Complaint by the United States and the State of Texas ("Plaintiffs") against the City of Baytown, Texas (hereinafter "Baytown" or "the City") alleging violations of the Clean Water Act ("CWA"), 33 U.S.C. § 1251, *et seq.*, and the Texas Water Code § 7.001 *et seq.*, and state issued permits, pertaining to the operation of the City's wastewater collection and treatment system. (ECF No. 1). Bayou City Waterkeeper filed a Complaint in Intervention on May 9, 2022 (ECF No. 8). In the Scheduling and Docket Control Order entered by this Court on September 16, 2022 (ECF No. 26), the Court stayed the litigation in this action through March 14, 2023. The Court's Minute Order of the same date (ECF No. 25) administratively closed the case and provided that the case "will be returned to the active docket

if requested by the parties with their status report on March 14, 2023.  The parties may also request an earlier return on the active docket, if necessary."  By Order of March 22, 2023 (ECF No. 28), the Court extended the stay through September 30, 2023, and directed that the Parties file a status report by September 30, 2023.

In accordance with the Order of March 22, 2023, the United States, the State of Texas, and the City of Baytown, together with Intervenor Bayou City Waterkeeper, jointly file this report on the progress of settlement negotiations and request for a continuation of the stay of litigation for an additional six (6) months through March 30, 2024.

The U.S. Department of Justice ("DOJ"), the U.S. Environmental Protection Agency ("EPA"), the Office of Attorney General for the State of Texas, the Texas Commission on Environmental Quality ("TCEQ") and the City of Baytown, and Intervenor Bayou City Waterkeeper (collectively, the "Parties") have been engaged in settlement negotiations to address Baytown's alleged violations of the CWA and the Texas Water Code since shortly after the initial Complaint was filed.  The Parties requested the initial stay to give them the opportunity to continue those negotiations and seek informal discovery in aid of those negotiations.  The Parties can report that progress continues to be made in these settlement discussions and that an extension of the stay by six months is warranted.

## BACKGROUND

Plaintiffs filed their Complaint against Baytown pursuant to Sections 309(b) and (d) of the CWA, 33 U.S.C. §§ 1319(b) and (d), and provisions of the Texas Water Code.  The Complaint alleges violations of the CWA, provisions of the Texas Water Code, and the terms

and conditions of Texas Pollutant Discharge Elimination System ("TPDES") permits issued to Baytown by the TCEQ. In general, the TPDES permits contain terms and conditions that Baytown must comply with while operating the City's wastewater treatment plants ("WWTPs") and the wastewater collection systems associated with the WWTPs. The City has four WWTPs that are currently subject to TPDES permits. The Complaint alleges two categories of violations: (a) discharges of wastewater from WWTPs that exceed effluent limitations set forth in TPDES permits and (b) unauthorized discharges of untreated wastewater, namely sanitary sewer overflows ("SSOs"), from components of the collection systems associated with WWTPs. The Parties' settlement negotiations to date have focused primarily on the causes of SSOs, where they are occurring, and injunctive relief measures to be implemented by the City to eliminate SSOs.

## PROGRESS IN SETTLEMENT NEGOTIATIONS

### A. Settlement Meetings and Conference Calls

The Parties commenced settlement discussions on July 20, 2022, with a face-to-face settlement meeting in Houston, Texas. Based on that discussion, subsequent telephone discussions, and information the City provided in response to Plaintiffs' informal discovery requests, Plaintiffs developed a framework proposal for injunctive relief and shared that with the City in November 2022. That proposal outlines actions to: (1) conduct an early action program to address previously identified deficiencies in certain parts of the collection system, (2) conduct a condition assessment of the components of the sewer collection system (gravity sewer mains and manholes) and then implement a repair, rehabilitate or replace program, with the assessment

and work prioritized with the goal of eliminating SSOs; (3) conduct a capacity assessment to identify peak inflow and infiltration, ranking each basin in the collection system, evaluate various storm events and identify locations through hydraulic modeling that are expected to experience surcharge and overflow conditions, and then implement a repair and rehabilitation program to address capacity constraints, as necessary; (4) address lift station and force main rehabilitation or upgrades where condition or capacity has been identified as deficient; and (5) implement a capacity, management, operation and maintenance ("CMOM") program to better operate and manage the collection system to significantly reduce, with a goal to eliminate, sanitary sewer overflows and basement backups.

  Plaintiffs followed up the framework proposal with a more detailed set of proposals for the condition assessment/remediation and for the capacity assessment/remediation of the collection system on February 13, 2023.  The City offered its initial written response to the proposals by letter dated February 21, 2023.  On February 28, 2023, more than fifteen representatives of the United States, the State, and the City met in Houston to discuss these proposals and the City's response.  The participants included counsel, technical and professional staff on behalf of EPA, the State and the City, and consultants on behalf of the City.  The Parties engaged in a productive discussion of issues and concepts regarding potential early action projects, sewer condition and capacity assessments and rehabilitation, among other issues, including the fact that the Parties may hold differing positions on the scope of any such work, affordability, and the timing for completion of work that will be addressed in the continuing negotiations.

Since that time the Parties have continued to exchange drafts of detailed injunctive relief language pertaining to (1) condition assessments and remediation, (2) capacity assessments and remediation, (3) lift stations and force main remediation, and most recently (4) the early action program.  With each successive draft the Parties come closer to reaching agreement on specific work requirements.  Once agreement is reached this language will be included in a consent decree. Additionally, the City provided information to the Plaintiffs in April, June and August 2023, concerning the City's proposed approach to assessment and remediation, the City's evaluation of costs of the work, and the City's financial information in response to a request by the United States' financial analyst.  On June 26, 2023, the City made a virtual presentation to the Plaintiffs concerning the scope of work and cost and affordability evaluations. The United States' financial analyst is currently reviewing the City's financial information as to affordability of the work.  In August, counsel for the negotiating Parties began a more regular (approximately bi-weekly) schedule of calls to monitor and maintain progress.  The City and Plaintiffs are scheduling a technical meeting for the second or third week of October with the objective of hashing out some of the differences in the injunctive relief language previously exchanged.

Additionally, Plaintiffs have held periodic telephonic meetings with counsel for Plaintiff-Intervenor Bayou City Waterkeeper to keep it apprised of the status of discussions with the City and to consider Bayou City Waterkeeper's input and concerns regarding the measures necessary to address compliance, the impacts of subsidence and climate change, and related considerations.

B. **Next Steps for Parties**

The Parties have agreed to continue the dialogue and exchange of positions. Counsel for Plaintiffs and the City agree to maintain a schedule of approximately bi-weekly calls to monitor progress. The United States' financial analyst is reviewing the City's financial information and will report on the analysis. Plaintiffs continue to draft other injunctive relief language for discussion (e.g., a proposed CMOM program). The Parties will continue to schedule conferences – either by phone or face to face as necessary – to develop this information with a goal to reaching agreement on the terms of injunctive relief.

C. **Parties' Commitment to Continue and Complete Settlement Negotiations**

During the period of the Stay and before, the Parties have focused significant resources on settlement negotiations. The issues before the Parties are complex and the costs of achieving compliance will be expensive. The Parties agree that they have continued to make progress toward reaching a settlement that will resolve the allegations in the Plaintiffs' Complaint. The Parties also agree that reaching a settlement is feasible, and they are committed to continue their efforts. Further, the Parties agree that during the next six months, significant progress can be made towards agreement on the terms of a final settlement.

Accordingly, the Parties request that the Court continue the Stay through March 30, 2024, and propose that the Parties report back to the Court by March 30, 2024, on the progress of settlement discussions. The United States, the State of Texas, the City and Intervenor Bayou City Waterkeeper have conferred and agreed to this Joint Report to the Court.

## CONCLUSION

The Parties request a continuation of the Stay until March 30, 2024, to enable them to continue their efforts to resolve this dispute with the goal of finalizing a consent decree that memorializes the terms of settlement. The Parties propose to report on the status of settlement negotiations on or before March 30, 2024.

Respectfully submitted,

FOR THE UNITED STATES

*/s Kenneth G. Long*
Kenneth G. Long
Senior Attorney
D.C. Bar No. 414791
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, DC, 20004
Tel: (202)-514-2840
kenneth.long@usdoj.gov
Attorney-In-Charge

Jimmy A. Rodriguez
Senior Litigation Counsel
Assistant United States Attorney
Southern District of Texas
Texas Bar No. 24037378
Federal ID No. 572175
1000 Louisiana, Suite 2300
Houston, Texas
Tel: (713) 567-9532
jrodriguez3@usa.doj.gov

<u>FOR THE STATE OF TEXAS</u>

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

GRANT DORFMAN
Deputy First Assistant Attorney General

JAMES LLOYD
Acting Deputy Attorney General for Civil Litigation

KELLIE BILLINGS-RAY
Chief, Environmental Protection Division

*s/ Phillip Ledbetter*
PHILLIP LEDBETTER
Assistant Attorney General
State Bar No. 24041316
S.D. Bar No. 1401529
Phillip.Ledbetter@oag.texas.gov
ATTORNEY-IN-CHARGE

Office of the Attorney General of Texas
Environmental Protection Division
P.O. Box 12548, Capital Station
Austin, TX 78711-2548
Telephone: 512-475-4152
Facsimile: 512-320-0911

FOR CITY OF BAYTOWN, TEXAS

*/s Debra Tsuchiyama Baker*
Debra Tsuchiyama Baker
Baker · Wotring LLP
Texas Bar Number 15089600
Southern District No. 6943
JPMorgan Chase Tower, Suite 6400
600 Travis Street
Houston, TX 77002
Tel: (713) 980-1700
dbaker@bakerwotring.com
Attorney-In-Charge

FOR BAYOU CITY WATERKEEPER

*/s Kristen Schlemmer*
Kristen Schlemmer
TBN 24075029/S.D. Tex. 2078411
Bayou City Waterkeeper
2010 N Loop West
Suite 103
Houston, TX 77018
Tel: 512-619-1583
kristen@bayoucitywaterkeeper.org
Attorney-In-Charge

CERTIFICATE OF SERVICE

    I hereby certify, on this 25th day of September 2023, I caused a true and correct copy of the foregoing Joint Report to be served on all counsel of record by electronically filing the same through the Court's electronic filing system.

                                  */s/ Kenneth G. Long*
                                  Kenneth G. Long
                                  Counsel for the United States