UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, and STATE OF TEXAS, | § § § § | |
| Plaintiffs, | § § | Civil Action No. 4:22-cv-01279 |
| BAYOU CITY WATERKEEPER | § § | |
| Plaintiff - Intervenor | § § | JUDGE CHARLES ESKRIDGE |
| v. | § § § | |
| CITY OF BAYTOWN, TEXAS, | § § | |
| Defendant. | § § | |

**JOINT STATUS REPORT ON NEGOTIATIONS AND MOTION
TO CONTINUE STAY FOR THREE MONTHS**

Pursuant to the Court's Order of May 6, 2026 (ECF No. 50), the Parties file this

Joint Status Report on Negotiations and Motion to Continue Stay for Three Months, and

the attached Proposed Scheduling and Docket Control Order.

This action commenced with the filing of a Complaint by the United States and the

State of Texas ("Plaintiffs") against the City of Baytown, Texas (hereinafter "Baytown" or

"the City") alleging violations of the Clean Water Act ("CWA"), 33 U.S.C. § 1251, *et seq.*,

and the Texas Water Code § 7.001 *et seq.*, and state issued permits, pertaining to the

operation of the City's wastewater collection and treatment system ("WCTS").  (ECF No. 1).  Bayou City Waterkeeper filed a Complaint in Intervention on May 9, 2022 (ECF No. 8).

In the Scheduling and Docket Control Order entered by this Court on September 16, 2022 (ECF No. 26), the Court stayed the litigation in this action through March 14, 2023. The Court's Minute Order of the same date (ECF No. 25) administratively closed the case and provided that the case "will be returned to the active docket if requested by the parties with their status report on March 14, 2023.  The parties may also request an earlier return on the active docket, if necessary."  By Order of March 22, 2023 (ECF No. 28), the Court extended the stay through September 30, 2023.  By Order of September 28, 2023 (ECF No. 30), the Court extended the stay through March 30, 2024. By Order dated April 9, 2024 (ECF No. 32), the Court extended the stay of litigation to September 30, 2024. By Order dated January 27, 2025 (ECF No. 41), the Court extended the stay of litigation to March 30, 2025. By Order dated April 2, 2025 (ECF No. 43), the Court extended the stay of litigation to September 30, 2025. By Order dated October 15, 2025 (ECF No. 45), the Court extended the stay of litigation to January 30, 2026, and by Order dated February 9, 2026 (ECF No. 47), the Court extended the stay of litigation to April  30, 2026, and by Order dated May 6, 2026 (ECF No. 50), the Court extended the stay of litigation to July 30, 2026, and set a status conference for August 24, 2026.

In accordance with the Order of May 6, 2026, the Parties jointly file this report on the progress of settlement negotiations and motion to extend the stay for three months. The U.S. Department of Justice, the U.S. Environmental Protection Agency, the Office of Attorney General for the State of Texas, the Texas Commission on Environmental Quality ("TCEQ"), the City of Baytown, and, to a limited extent, Intervenor Bayou City Waterkeeper (collectively, the "Parties") have been engaged in settlement negotiations to address Baytown's alleged violations of the CWA and the Texas Water Code since shortly after the initial Complaint was filed.  The Parties requested the initial stay to give them the opportunity to commence those negotiations.  Due to the complexity and potential cost of injunctive relief requirements to assess and address alleged deficiencies with the City's wastewater collection and treatment system, the settlement negotiations are not yet complete. We believe that an additional short stay extension of three months duration with a follow-up status conference and corresponding extension of the Scheduling and Docket Control Order will enable the Parties to make further progress toward settlement while remaining mindful of the pending litigation and keeping the Court informed.

## **BACKGROUND**

Plaintiffs' Complaint alleges violations of provisions of the CWA, Texas Water Code, and the terms and conditions of Texas Pollutant Discharge Elimination System ("TPDES") permits issued to Baytown by the TCEQ that Baytown must comply with while

operating the City's WCTS.  The City has four wastewater treatment plants ("WWTPs") that are currently subject to TPDES permits. The Complaint alleges discharges of wastewater from WWTPs that exceed permitted effluent limitations, unauthorized discharges of untreated sewage or sanitary sewer overflows ("SSOs") from components of the collection system, and inadequate operation and maintenance of the WCTS, all in violation of permits, and federal and state law.  The Parties' settlement negotiations have focused primarily on injunctive relief measures to be implemented by the City to eliminate SSOs from the WCTS and effluent violations at WWTPs.

**PROGRESS IN SETTLEMENT NEGOTIATIONS**

**A.      Settlement Meetings and Conference Calls**

The Parties commenced settlement discussions on July 20, 2022, with a settlement meeting in Houston, Texas.  The City and Plaintiffs met again in Houston on February 28, 2023.  Since that time, Plaintiffs and the City have held virtual meetings and have shared and revised multiple iterations of detailed proposals for injunctive relief requiring the City to: (1) conduct an early action program to address previously identified deficiencies in certain parts of the collection system; (2) conduct a condition assessment of the components of the sewer collection system (gravity sewer mains and manholes) and then implement a repair, rehabilitate or replace program; (3) conduct a capacity assessment to identify peak inflow and infiltration, ranking each basin in the collection system, evaluate

various storm events and identify locations through hydraulic modeling that are expected to experience surcharge and overflow conditions, and then implement a repair and rehabilitation program to address capacity constraints, as necessary; (4) address lift station and force main rehabilitation or upgrades where condition or capacity has been identified as deficient; (5) implement a capacity, management, operation and maintenance ("CMOM") program to better operate and manage the collection system to significantly reduce, with a goal to eliminate, sanitary sewer overflows and basement backups; (6) conduct an early action program to address known issues in the City's four WWTPs; and (7) conduct a condition assessment of the WWTPs and implement further corrective actions at the WWTPs if needed.  Plaintiffs and the City have also discussed a potential civil penalty. Plaintiffs and the City continue virtual meetings between counsel on a regular basis. Technical representatives are participating in bi-weekly virtual meetings as well.

On February 26th and 27th, 2026, Plaintiffs and the City met in Houston to continue discussions over revised drafts on sewer system assessment and remediation, force mains/lift stations, a CMOM program, a schedule for remedial projects, WWTP improvements and penalty considerations. Based on that meeting, the Parties drafted and responded to requests for additional information and exchanged proposals. In the past two weeks, the City provided further responses to the Plaintiffs' recent submissions on injunctive relief and civil penalty.  Specifically, the City provided another set of revisions

and responses to proposals on lift station and force main rehabilitation, the CMOM program and proposed CMOM Plan, certain consent decree provisions, and the civil penalty. Differences among the parties remain in terms of appropriate milestones and deadlines for the proposed injunctive relief, but we have narrowed our differences in several respects and continue working to resolve those remaining differences.

Also, Plaintiffs continue to hold periodic telephonic meetings with counsel for Plaintiff-Intervenor Bayou City Waterkeeper to keep it apprised of the status of discussions with the City and to consider Bayou City Waterkeeper's input and concerns. The Parties are considering a submission by Waterkeeper concerning potential injunctive relief.

## B.   Next Steps for Parties

The Parties have once again exchanged positions and narrowed the remaining issues on the injunctive relief proposals. We are also discussing a proposed civil penalty and the broader terms of a consent decree.  Given the complexity and expense of the injunctive relief involved in addressing improvements to the City's sewage collection system, the Parties remain incentivized to resolve these issues.  We have narrowed differences on the scope of work and are working to resolve differences on scheduling the work (interim milestones and deadlines).  We expect to share revised proposals in ongoing discussions and exchanges over the coming two months.

**C.      Parties' Commitment to Continue and Complete Settlement Negotiations**

The Parties continue to engage regularly in settlement negotiations and believe we will make significant progress over the next three months.  The issues before the Parties are complex and the costs to the City of achieving compliance will be high.  The Parties agree that reaching a settlement is feasible, and they are committed to continuing their efforts so long as progress is made. If a settlement is reached, it will be embodied in a consent decree, which, subject to approval by officials with final settlement authority, would be lodged with the Court and submitted for public notice and comment.  If after consideration of public comment, officials support the terms, Plaintiffs will move the Court for entry of the decree or other appropriate relief.

### MOTION TO EXTEND STAY BY THREE MONTHS AND EXTEND DEADLINES IN SCHEDULING AND DOCKET CONTROL ORDER

The Parties believe that an additional stay extension of three months duration will enable the Parties to make further progress toward settlement while remaining mindful of the pending litigation and keeping the Court informed.

Wherefore, the Parties move that the Court continue the stay of litigation for an additional three months through October 23, 2026, and also extend the deadlines in the Court's Scheduling and Docket Control Order by three months, after which we request that

the Court hold another status conference in mid-November 2026. A proposed Order is attached.

The United States, the State of Texas, the City, and Intervenor Bayou City Waterkeeper have conferred and agreed to this Joint Status Report and Proposed Schedule.

Respectfully submitted,

FOR THE UNITED STATES

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
Environment and Natural Resources Division

*/s Kenneth G. Long*
Kenneth G. Long
Senior Attorney
D.C. Bar No. 414791
Fed. No. 439067
Environmental Enforcement Section, ENRD
United States Department of Justice
P.O. Box 7611
Washington, DC, 20004
Tel: (202) 532-3242
kenneth.long@usdoj.gov
Attorney-In-Charge

Jimmy A. Rodriguez
Senior Litigation Counsel
Assistant United States Attorney
Southern District of Texas
Texas Bar No. 24037378
Federal ID No. 572175
1000 Louisiana, Suite 2300
Houston, Texas 77002
Tel: (713) 567-9532
jrodriguez3@usa.doj.gov


FOR THE STATE OF TEXAS

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

AUSTIN KINGHORN
Deputy Attorney General for Civil Litigation

KELLIE BILLINGS-RAY
Chief, Environmental Protection Division

*/s Brittany E. Wright*
BRITTANY E. WRIGHT
Assistant Attorney General
State Bar No. 24130011
S.D. Bar No. 3898725
Office of the Attorney General of Texas
Environmental Protection Division
P.O. Box 12548, Capital Station
Austin, TX 78711-2548
Telephone: 512-970-6781

Facsimile: 512-320-0911
Brittany.Wright@oag.texas.gov
Attorney-In-Charge


FOR CITY OF BAYTOWN, TEXAS

*/s Debra Tsuchiyama Baker*
Debra Tsuchiyama Baker
Baker · Wotring LLP
Texas Bar Number 15089600
Southern District No. 6943
JPMorgan Chase Tower, Suite 6400
600 Travis Street
Houston, TX 77002
Tel: (713) 980-1700
dbaker@bakerwotring.com
Attorney-In-Charge


FOR BAYOU CITY WATERKEEPER

*/s Kristen Schlemmer*
Kristen Schlemmer
TBN 24075029/S.D. Tex. 2078411
Bayou City Waterkeeper
4900 Travis Street
Suite 209
Houston, TX 77002
Tel: 512-619-1583
kristen@bayoucitywaterkeeper.org
Attorney-In-Charge

10

CERTIFICATE OF SERVICE

I hereby certify, on this 30th day of July, 2026, I caused a true and correct copy of the foregoing Joint Status Report on Negotiations and Motion to Continue Stay for Three Months to be served on all counsel of record by electronically filing the same through the Court's electronic filing system.

*/s Kenneth G. Long*
Kenneth G. Long
Counsel for the United States